UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL WELLS,

                        Plaintiff,

          -against-

STATE OF NEW YORK DEPARTMENT OF
CORRECTIONS, *et al.*,

                      Defendants.

1:19-CV-11280 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, currently incarcerated in Green Haven Correctional Facility (Green Haven), originally filed this action in the United States District Court for the Eastern District of New York, where it was opened under docket number 19-CV-6578 (KAM). On December 5, 2019, the district court transferred the action to this Court because Plaintiff asserted claims regarding the denial of medical care at Green Haven, located in Dutchess County, New York, which is within the jurisdiction of the Southern District of New York.

      Plaintiff had not paid the filing fees or submitted an *in forma pauperis* (IFP) application and prisoner authorization with his complaint, and by order dated December 10, 2019, the Court directed Plaintiff to do so within 30 days. Plaintiff now seeks a 60-day extension of time to "submit a new complaint, filing fee, or to withdraw" his complaint because Defendants "have corrected treatment." (ECF 7.) For the reasons set forth below, the Court grants Plaintiff a limited extension of time to respond to the order to pay the filing fee or demonstrate eligibility to proceed without prepaying such fees.

## DISCUSSION

The "three-strikes" provision of the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), provides the following:

> In no event shall a prisoner bring a civil action . . . under this [IFP] section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *Harris v. City of New York*, 607 F.3d 18, 21-22 (2d Cir. 2010) ("[T]he provision goes into effect—and bars the suit under the [IFP] section—at the moment the plaintiff files his complaint").

By order dated October 23, 2009, then-Chief Judge Loretta A. Preska held that at the time that Plaintiff filed his complaint in *Wells v. City of New York*, ECF 1:09-CV-3479, 2 (LAP) (GWG) (filed Apr. 6, 2009), he had three or more civil actions or appeals that had been dismissed as frivolous, malicious, or for failure to state a claim.[1] *See also Wells v. New York City Health and Hospital Corp.*, ECF 1:12-CV-5858, 54 (JMF) (S.D.N.Y. June 20, 2013) (revoking order granting IFP on the ground that Plaintiff is barred under § 1915(g), and he did not adequately allege that he was in imminent danger of serious physical injury).[2]

---

[1] The Court in *Wells*, 1:09-CV-3479, 2 (LAP), granted Plaintiff 30 days to pay the filing fee for that action, which he did.

[2] After those actions were dismissed, Plaintiff paid the filing fee to bring a new action, which was dismissed as frivolous. *See Wells v. City of New York*, ECF 1:15-CV-6585 (LAP) (S.D.N.Y.) ("Plaintiff's complaint, for which a filing fee has been paid, is dismissed as frivolous. 28 U.S.C. § 1915A(1), (2)."), *appeal dismissed*, 16-216 (2d Cir. Mar. 24, 2016) ("[A]ppeal is DISMISSED because it 'lacks an arguable basis either in law or in fact.' *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).").

It therefore appears that Plaintiff cannot proceed IFP in this action because as of the date that he filed this complaint, he had three or more civil actions or appeals that had been dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). Plaintiff's complaint also does not show that he is in imminent danger of serious physical injury. The complaint is almost entirely illegible, and although it appears to relate to Plaintiff's medical care, the Court is unable to discern any facts suggesting imminent danger.

Accordingly, the Court grants Plaintiff's request for an extension of time and directs him, within 30 days from the date of this order, to either pay the $400 in filing fees or show that as of the time that he filed the complaint, he qualified to proceed IFP (either because he did not have three qualifying "strikes" under § 1915(g) when he filed this complaint, or because he seeks relief from imminent danger of serious physical injury, or for some other reason).

**CONCLUSION**

The Clerk of Court is directed to mail Plaintiff a copy of this order and note service on the docket. Plaintiff's request for an extension of time (ECF No. 7) is granted, to the extent that the Court grants him 30 days from the date of this order to either (1) pay the $400 in filing fees, or (2) submit the IFP application and prisoner authorization, together with a declaration showing that as of the time that he filed the complaint, § 1915(g) does not bar him from proceeding IFP. For Plaintiff's convenience, a declaration form is attached to this order. If Plaintiff files a declaration, it must be submitted to the Court's Pro Se Intake Unit and bear the docket number 19-CV-11280 (CM). If Plaintiff fails to respond as directed, the complaint will be dismissed without prejudice to Plaintiff's refiling it.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

    SO ORDERED.

Dated:   January 10, 2020
             New York, New York

                                                             COLLEEN McMAHON
                                                   Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|
| Name | Prison Identification # (if incarcerated) |
| Address City State Zip Code | |
| Telephone Number (if available) | E-mail Address (if available) |